Englander Company, Inc., a Delaware Corporation, Respondent, v. Sol Tishler, Individually and as President of Bedding, Curtain & Drapery Workers Union, Local 140, C. I. O., et al., Appellants.— Order, on reargument, granting plaintiff's motion to adjudicate defendants to be in contempt of court for violation of the terms of a Supreme Court order and fining each of them $250,

modified by inserting provisions denying the motion as to defendants Tishler and Wagner and by inserting after the word " defendants " in the third and following paragraphs the words " Sirota and Levine " and by striking out subdivision " a " of the third ordering paragraph. As so modified order affirmed, with $50 costs and disbursements to plaintiff, payable by defendants Sirota and Levine. Except for the charge regarding the television programs, for which the defendants denied responsibility, all of the other acts charged in violation of the outstanding court order against picketing were not denied and therefore must be taken as true as against defendants Sirota and Levine, the proof being insufficient as to the remaining defendants. To have engaged in those acts was a clear contempt of court. It was stated at Special Term in a decision of May 3, 1954, in disposing of the motion to resettle the temporary injunction: " It was the intention of the court, in making the original order, to restrain defendants from the acts specified therein only in so far as those acts were motivated by the illegal purpose of forcing plaintiff to surrender its right to discontinue the operation of its plant." (N. Y. L. J., May 3, 1954, p. 13, col. 1.) The picketing from May 5 to May 10, 1954, of stores selling plaintiff's products was directed solely against the plaintiff for the discontinuance of its operations here, and was therefore violative of the outstanding court order. It could not be justified by anything contained in the aforesaid decision, wherein it was also stated: " The disposition of this motion is not a reversal of this intention nor does it nullify the effect of the original order." The order of the court is to be obeyed until and unless it is superseded by another court order. Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur.